**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **ROBERT FREE**, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:20-cv-174 |
| **DART PROPERTY IMPROVEMENTS, INC.**, | : Judge |
| c/o Timothy Buck | : |
| 224 North Diamond Mill Road | : Magistrate Judge |
| Clayton, OH 45315 | : |
| | : **JURY DEMAND ENDORSED HEREON** |
| and | : |
| **TIMOTHY BUCK**, | : |
| 224 North Diamond Mill Road | : |
| Clayton, OH 45315 | : |
| Defendants. | : |

**COMPLAINT**

### I. PRELIMINARY STATEMENT

Robert Free ("Plaintiff" or "Free") brings this action to recover unpaid overtime wages and other damages from Dart Property Improvements, Inc. ("Defendant Dart" or "Dart") and Timothy Buck ("Defendant Buck" or "Buck") (collectively "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., pursuant to Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10; and pursuant to the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts").

Plaintiff regularly worked for Defendants in excess of 40 hours each week. However, Plaintiff did not receive overtime compensation for hours worked in excess of 40 hours in a single

workweek. Instead of paying overtime as required by the FLSA and the Ohio Acts, Defendants improperly classified Plaintiff as an independent contractor and paid him a daily rate with no overtime compensation. This action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

The following allegations are based on personal knowledge as to Plaintiff's own conduct.

## II.    JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

2. This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District and because Defendants do business within this District.

4. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

5. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

6. Specifically, Defendants have maintained a working presence throughout this District and Division.

## III.    THE PARTIES

7. Plaintiff worked for Defendants as a non-exempt, day rate employee from approximately 2014 to April of 2020. Throughout his employment with Defendants, Plaintiff was paid a day-rate with no overtime compensation, and Plaintiff was misclassified as an independent

contractor. Plaintiff did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

8. Defendant Dart is a corporation for profit, doing business in Ohio, and may be served through its owner and registered agent for service of process: Timothy Buck, 224 North Diamond Mill Road, Clayton, Ohio 45315.

9. At all times hereinafter mentioned, Defendant Dart has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant Dart has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant Dart has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Defendant Buck is the owner of Defendant Dart, which is a corporation for profit, doing business in Ohio. Defendant Buck resides at 224 North Diamond Mill Road, Clayton, Ohio 45315.

13. At all times hereinafter mentioned, Defendant Buck has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d) because Defendant Buck was a

---

[1] The written consent of Plaintiff is attached hereto as Exhibit "A."

person acting directing or indirectly in the interest of Defendant Dart in relation to Plaintiff and Defendants' other employees.

14. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

15. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiffs and those similarly situated.

16. During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

17. During relevant times, Defendants shared the services of Plaintiffs and other similarly situated employees.

18. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiffs and those similarly situated.

19. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

20. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiffs and all other similarly situated employees.

21. At all times hereinafter mentioned, Defendant was engaged in commerce or in the production of goods for commerce

22. As will be shown through this litigation, Defendants treated Plaintiff as an employee and uniformly dictated the pay practices Plaintiff was subjected to.

23. Defendants' misclassification of Plaintiff as an independent contractor does not alter their status as employers for purposes of this FLSA complaint and under the Ohio Acts.

24. Because their day rate system does not pay Plaintiff, who is a non-exempt worker, overtime for hours worked in excess of 40 hours in a workweek, Defendants' day rate system violates the FLSA and the Ohio Acts.

**IV. FACTS**

25. Defendant Dart is a home improvement company operating in the Southern District of Ohio. In order to provide services to its customers, Defendants hire employees to perform the necessary work of the various construction and renovation projects for its customers.

26. Defendants misclassified Plaintiff as an "independent contractor," even though Defendants dictated Plaintiff's work schedule each day, had total control of the job duties each day, provided the vehicles and tools necessary for the work, referred to Plaintiff as an "employee," and demanded Plaintiff wear Defendants' company shirts while they were working.

27. During Plaintiff's employment with Defendants while he was misclassified as an independent contractor, Defendants exercised control over all aspects of his job. Defendants determined Plaintiff's opportunity for profit and loss. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties. Plaintiff worked virtually exclusively for Defendants, generally five (5) days a week, from approximately 2014 to April 2020.

28. Defendants controlled all of the significant and/or meaningful aspects of the job duties performed by Plaintiff.

29. Defendants ordered the hours and locations Plaintiff worked and rates of pay received. In general, Plaintiff was scheduled and required to work Monday through Friday. In

addition, Defendants required Plaintiff to clean all the painting equipment daily, which Plaintiff had to do in his own bathtub late into the afternoon.

30. Plaintiff performed work that was directed and supervised by Defendants.

31. Defendants provided the large capital investments such as the vehicles and tools.

32. Plaintiff did not incur operating expenses.

33. Plaintiff was economically dependent on Defendants during his employment, which lasted more than five (5) years.

34. Defendants set Plaintiff's day-rate of pay and his work schedule.

35. Defendants directly determined Plaintiff's opportunity for profit and loss. Plaintiff's earning opportunity was based on the number of days Defendants scheduled him to work, which was consistently five (5) days a week.

36. Very little skill, training, or initiative was required of Plaintiff (other than the skills, training, and initiative required of all other similarly situation workers).

37. The daily and weekly activities of Plaintiff was routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was pre-determined by Defendants.

38. Plaintiff was prohibited from varying his job duties outside of the pre-determined parameters. Plaintiff was picked up from his residence by his manager who drove him to the various job sites for that day.

39. The job functions of Plaintiff were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or advanced degree. Plaintiff did not have any supervisory or management duties.

40. Defendants' policy of failing to pay Plaintiff overtime violates the FLSA because Plaintiff is, for all legal purposes, an employee performing non-exempt job duties.

41. Because Plaintiff was misclassified as an independent contractor by Defendants, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

42. Defendants' day-rate system violates the FLSA and the Ohio Acts because Plaintiff did not receive any overtime pay for hours worked over 40 hours each week.

43. Defendants further failed to pay Plaintiff tips he received from customers, which customers included in the checks for payment of services.

V. **CAUSES OF ACTION**

**COUNT ONE**
**(FLSA Overtime Violations)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

46. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate."  29 U.S.C. § 207(a)(1).

47. Plaintiff should have been paid overtime compensation at the rate of one-half times his "regular rate" for all hours worked in excess of 40 hours per workweek.

48. Instead, Defendants paid Plaintiff a day rate, regardless of the number of hours he worked in a given workweek.

49. Defendants misclassified Plaintiff as an "independent contractor" and failed to pay any overtime compensation to him.

50. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

51. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles him to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendants' practice of misclassifying Plaintiff as an "independent contractor" and failing to pay any overtime compensation to him violates the Ohio Wage Act.

54. As a result of Defendants' practices, Plaintiff has been damaged in that he has not received overtime wages due to him pursuant to the Ohio Wage Act.

## COUNT THREE
**(OPPA Violations)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Plaintiff has been employed by Defendants.

57. During all relevant times, Defendants were entities covered by the OPPA and Plaintiff has been employed by Defendants within the meaning of the OPPA.

58. The OPPA requires that the Defendants pay all of Plaintiff's wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

59. During relevant times, Plaintiff was not paid all wages, including, but not limited to, minimum wages and overtime wages at one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

60. Plaintiff's unpaid wages and unpaid overtime remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

61. In violating the OPPA, Defendants acted willfully, jointly, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**VI.  PRAYER FOR RELIEF**

Plaintiff respectfully prays for judgment against Defendant as follows:

a.  For an Order awarding Plaintiff back wages that have been improperly withheld;

b.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back minimum wages and overtime wages due to Plaintiff, for liquidated damages equal in amount to the unpaid compensation found due to, and for attorneys' fees and costs;

c.  For an Order pursuant to the Ohio Wage Act awarding Plaintiff unpaid overtime wages allowed by law;

      d.      For an Order against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid wages and overtime compensation owed to Plaintiff during the applicable statutory period;

      e.      For an Order awarding the costs and expenses of this action;

      f.      For an Order awarding attorneys' fees;

      g.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      h.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

      i.      For an Order providing for injunctive relief prohibiting Defendant from engaging in future violations of the FLSA and the Ohio Acts, and requiring Defendant to comply with such laws going forward; and

      j.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
